```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH DAKOTA
      SOUTHERN DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| GUILLERMO ORTIZ, | CIV 12-4092 |
| | CR 10-40047 |
| Petitioner, | |
| vs. | |
| | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner has filed a Motion for Summary Judgment (Doc. 14) and the United States filed a Motion to Dismiss (Doc. 19). Petitioner also filed Objections (Doc. 31) to the Report and Recommendation of Magistrate Judge Simko concerning Petitioner's § 2255 Petition. The objections deal with the suggested disposition in the Report and Recommendation of the seventh ground for relief, that being the claim of "Counsel Was Ineffective For Failing To Advise Petitioner Of The Option To Consider Acceptance Of A Plea Agreement."

The short answer is that no plea agreement was ever offered despite the erroneous claim of Petitioner in Doc. 31, that the December 11, 2012 (Doc. 23) Affidavit of defense counsel so states. Petitioner claims that the suggestion of a possibility of some leniency by an investigating DEA agent, Agent Harvison, amounted to the offer of a plea agreement. A suggestion for a clear-out by an investigator who indicated that he would recommend some leniency to the prosecutor does not amount to the offer of a plea agreement by the United States Attorney. An investigator has no authority to offer a plea agreement nor does the investigator in this case purport to have the authority to offer a plea agreement.

If a plea agreement had been offered by the United States Attorney of the District of South Dakota, then defense counsel had a duty to disclose the benefits of the plea agreement that was offered. That did not happen in the present case as no plea agreement was ever offered by the United States Attorney. Instead, Petitioner maintained his innocence and went to trial, as was his constitutional right to do. The representation which Mr. Ortiz received both prior to trial and at trial

was not deficient in any way. There has been no showing that defense counsel's performance was deficient nor that Petitioner suffered prejudice as a result of any claimed deficient performance.

Petitioner cites *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376, 1391 (2012). Both cases involve a formal plea offer by the prosecuting attorney. Those cases are distinguishable because as stated above, there was never any such plea offer by the United States Attorney in the present case.

It appears that defense counsel did under the circumstances of this case adequately discuss the ramifications of accepting a plea agreement so there was no inadequate representation. Even if counsel's representation was inadequate, there has been no showing of prejudice from such claimed inadequate representation. Accordingly,

IT IS ORDERED:

1. That the OBJECTION, Doc. 31, of Petitioner to the Report and Recommendation is DENIED, and the Petition is DISMISSED with prejudice. No basis has been shown for an evidentiary hearing and there is no basis for a certificate of appealability.

2. That Respondent's Motion to Dismiss (Doc. 19) is granted.

3. That the Report and Recommendation of Magistrate Judge Simko, Doc. 29, is ADOPTED in its entirety along with the statements in this Order.

4. That Petitioner's Motion for Summary Judgment is DENIED as the Court did grant Respondent an extension (Doc. 16). Petitioner's Motion for Summary Judgment is also DENIED with prejudice and there is no basis for a certificate of appealability from this denial.

Dated this 28th day of March, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Colleen Schulte*
DEPUTY